TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Public Corruption and Civil Rights Section
ARON KETCHEL (Cal. Bar No. 250345)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2091/1019
    Facsimile:  (213) 894-7631
    E-mail: mack.jenkins@usdoj.gov
          aron.ketchel@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

3/31/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: _____JB_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:21-cr-00160 -DMG |
|---|---|
| Plaintiff, | |
| v. | DEFERRED PROSECUTION AGREEMENT |
| TOUFIC JOSEPH BAAKLINI, | |
| Defendant. | |

## I.   INTRODUCTION

1.   This Deferred Prosecution Agreement (the "DPA") is entered into between the United States Attorney's Office for the Central District of California ("USAO") and defendant Toufic Joseph Baaklini ("defendant Baaklini").  This DPA is entered into only on behalf of the USAO and cannot bind any other federal, state, local or foreign prosecuting, enforcement, administrative, or regulatory authorities.

The USAO is not aware of other investigations conducted by the USAO in which defendant Baaklini is a target or subject.

2.   This DPA is entered into to resolve the USAO's criminal investigation of defendant Baaklini's role and conduct regarding alleged violations of Federal Election Campaign Act laws between January and March 2016 (the "Investigation").

## II.   CRIMINAL INFORMATION AND ACCEPTANCE OF RESPONSIBILITY

3.   Defendant Baaklini consents and agrees to the USAO filing in the United States District Court for the Central District of California, an Information in the form attached as Exhibit A that charges defendant Baaklini, in Count One, with assisting federal election campaign contributions exceeding $25,000 to be made in a single year as a foreign national, in violation of 52 U.S.C. §§ 30109(d)(1)(A), 30121(a)(1)(A) and, in Count Two, assisting federal election campaign contributions to be made in the name of another (conduit contributions), in violation of 52 U.S.C. §§ 30109(d)(1)(A), 30122.  In connection with his agreement to the filing of the Information, defendant Baaklini, having been fully advised by his counsel, knowingly and voluntarily:

a.   Waives his right to indictment on these charges, as well as all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, Title 18, United States Code, Section 3161, and Federal Rule of Criminal Procedure 48(b), and agrees to reaffirm these waivers at his initial appearance before the court on the Information, if an initial appearance is necessary pursuant to Paragraph 3(f);

b.   Waives, relinquishes, and gives up: (i) any right that defendant Baaklini might have not to be prosecuted for the

offenses charged in the Information because of the expiration of the statute of limitations for those offenses prior to the filing of the Information; and (ii) any defense, claim, or argument defendant Baaklini could raise or assert that prosecution of the offenses charged in the Information is barred by the expiration of the applicable statute of limitations, pre-indictment delay, post-indictment delay, or any speedy trial violation;

c.   Waives, relinquishes, and gives up any right to challenge the form of the charges alleged in the Information, including without limitation that the charges are duplicitous.

d.   Waives, for purposes of the charges in the Information and any other charges that may be filed against defendant Baaklini following a finding by the Court of breach under Paragraph 20 below (a "Breach") and arising out of the conduct described in the Statement of Facts attached as Exhibit B ("Statement of Facts"), any objection with respect to venue in the Central District of California;

e.   Following a Breach, defendant Baaklini agrees to accept service, through counsel reflected in this agreement, of a summons to make an initial appearance on the Information before the criminal duty United States Magistrate Judge, Central District of California, located in the Roybal Federal Building and United States Courthouse, 3rd Floor, 255 E. Temple Street, Los Angeles, California, on a date and time to be agreed upon by the parties to this agreement, but no earlier than 30 days following a Breach and no later than 90 days after a Breach (absent a Breach, defendant Baaklini is not required to appear on the Information); and

f.   Following a Breach, defendant Baaklini agrees to make an initial appearance on the Information as specified in the summons.

4.   Defendant Baaklini acknowledges and agrees that he is responsible under United States law for the acts charged in the Information and set forth in the Statement of Facts, and that the facts described in the Statement of Facts are true and correct. Should the USAO pursue the prosecution that is deferred by this DPA following a Breach, defendant Baaklini stipulates to the admissibility of the Statement of Facts in any proceeding, including any trial, guilty plea, or sentencing proceeding involving the charges in the Information or based on the Statement of Facts, and agrees not to contradict anything in the Statement of Facts at any such proceeding.  Defendant Baaklini's entry into this DPA does not constitute an admission that he is guilty of the offenses charged in the Information.  In the event that the USAO offers the Statement of Facts in any such proceedings, defendant Baaklini agrees that he will not challenge the admissibility or accuracy of the Statement of Facts, but reserves the right to make any other argument relating to the Statement of Facts.

**III.  EFFECTIVE DATE OF AGREEMENT**

5.   This agreement is effective upon signature and execution of all required certifications by defendant Baaklini, defendant Baaklini's counsel, and an Assistant United States Attorney (the "Initial Effective Date").

**IV.  TERM OF THE DPA**

6.   This DPA is effective for a period beginning on the Initial Effective Date and ending one year from the Initial

Effective Date (the "Term").  Defendant Baaklini agrees, however, that, in the event of a Breach by defendant, then an extension or extensions of the Term of up to six months may be imposed by the USAO, without prejudice to the USAO's right to proceed as provided in Paragraphs 19-22 below.  Any extension of the Term extends all terms of this DPA, including the terms and conditions of the requirements in Paragraphs 9-11, for an equivalent period.

7.   Notwithstanding the foregoing, defendant Baaklini agrees to continue to cooperate as described in Paragraph 9 of this Agreement until the conclusion of any criminal investigation or prosecution (through the entry of final judgment) of any individual relating to the Statement of Facts.

**V.   RELEVANT CONSIDERATIONS**

8.   The USAO enters into this DPA based on the individual facts and circumstances presented by this case and by defendant Baaklini.  Among the factors considered were the following: (a) defendant Baaklini's cooperation with the government and agreement to further cooperate; (b) defendant Baaklini's payment of the fine set forth below; (c) defendant Baaklini's willingness to acknowledge and accept responsibility for the actions charged in the Information and those set forth in the Statement of Facts; (d) defendant Baaklini's personal mitigating factors; and (e) the nature and seriousness of the offense conduct.

**VI.   MATERIAL CONDITIONS OF DEFERRED PROSECUTION**

9.   During the Term, defendant Baaklini agrees to comply with the following conditions:

a.   To pay a fine to the United States in the amount of $90,000.  The fine will be paid in full within sixty (60) days of

the Initial Effective Date of the DPA.  The fine will be paid by
certified check, business check, or money order made payable to
"U.S. Treasury" and will identify the case name and number on the
"memo" line.  The payment can be provided to: United States
Attorney's Office, Civil Division, Financial Litigation Section, 300
N. Los Angeles St., Suite 7516, Los Angeles, CA 90012, with email
proof of the same provided to the USAO;

        b.   Defendant Baaklini agrees to assist the United States
by providing an interview, or interviews, as provided in Paragraph
10 below, and by responding truthfully and completely to the
questions that may be put to him during that interview (or
interviews), as well as any testimony that may be required under
that Paragraph;

        c.   Not to violate any United States law (federal, state
or local), with the exception of minor offenses that would be
excluded for sentencing purposes under United States Sentencing
Guidelines § 4A1.2(c); and

        d.   To advise the USAO within 48 hours if arrested for a
violation of United States criminal law, other than in connection
with minor offenses that would be excluded for sentencing purposes
under United States Sentencing Guidelines § 4A1.2(c).

        10.  If requested by the USAO:

        a.    to participate in in-person interview(s) with
representatives from the USAO, Federal Bureau of Investigation
("FBI"), and other government representatives selected at the
discretion of the USAO, at the USAO's office in Los Angeles,
California.  The government may elect to conduct the interview by
video teleconference, which decision will be at the sole discretion

of the government.  The government may record the interview, which decision will be at the sole discretion of the government.  Any further interview will occur on a date agreed to by the parties through counsel indicated in this agreement.  Any travel expenses incurred by defendant for this interview will be the responsibility of defendant.  Subject to any applicable privilege, during the course of the interview(s) or shortly thereafter, defendant Baaklini shall produce to the government any requested documents, including communications, that are in his possession, custody, or control, regardless of where such documents are held, that may be necessary to refresh his recollection, test the accuracy or veracity of his statements during the interview, or to otherwise support the information provided by defendant Baaklini during the interview.  No later than twenty-one days in advance of each interview, the government will provide defendant Baaklini's counsel a written list of the participants for each interview and a non-exhaustive written list of agenda items for each interview.

b.   In the event that the USAO requires any testimony from defendant Baaklini following his interview(s), defendant Baaklini agrees to accept service of a grand jury or trial subpoena compelling his attendance at a proceeding in the Central District of California.

11.  Thirty days prior to the end of the Term, defendant Baaklini will provide to the USAO a certification signed by himself and counsel stating that he has met the conditions set forth in Paragraph 9 of this DPA.  Such certification will be deemed a material statement and representation by defendant Baaklini to the executive branch of the United States for purposes of 18 U.S.C.

§ 1001 (false statement to federal agency) and 18 U.S.C. § 1505 (obstruction of federal proceeding), and it will be deemed to have been made in the Central District of California.

**VII. CONDITIONAL RELEASE FROM LIABILITY**

12.  Nothing in this DPA shall preclude or limit the USAO or any government entity from bringing a criminal prosecution against defendant Baaklini for making false statements, obstruction of justice, perjury, subornation of perjury, witness tampering, or aiding and abetting or conspiring to commit such offenses, based on defendant Baaklini's conduct in performing obligations under this DPA, including information provided pursuant to defendant Baaklini's interview(s) or testimony.  Further, the USAO may use any information related to the conduct described in the Statement of Facts against defendant Baaklini: (a) in a prosecution for perjury or obstruction of justice; or (b) in a prosecution for making a false statement.

13.  This DPA does not provide any protection against prosecution by the USAO for conduct that is not expressly referenced in the Information or the Statement of Facts.

14.  This DPA does not provide any protection against prosecution by the USAO for any future conduct by defendant Baaklini.

15.  Nothing in this DPA in any way limits the USAO's ability to use any information related to the conduct described in the Information or the Statement of Facts in any prosecution or other action not specifically precluded by this DPA.

16.  Absent a Breach, with respect to any prosecution that may be brought against defendant Baaklini by the USAO, the USAO will not

offer in evidence in its case-in-chief any statements made by defendant Baaklini during the interview(s) or the statements in the Statement of Facts.

17. Notwithstanding Paragraph 16 above, the USAO may: (a) use all information derived directly or indirectly from defendant Baaklini's interview(s) for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose, including any prosecution of defendant Baaklini; and (b) use statements made by defendant Baaklini pursuant to his interview(s) and all evidence obtained directly or indirectly from those statements for the purpose of cross-examination should defendant Baaklini testify, or to refute or counter at any stage of a criminal proceeding any evidence, argument, statement or representation offered by or on behalf of defendant Baaklini in connection with any proceeding.

**VIII.     DEFERRED PROSECUTION**

18. In consideration of defendant Baaklini's agreement to the terms set forth in Paragraphs 3, 4, 9, 10, and 11 above, the USAO agrees that any prosecution of defendant Baaklini for the conduct set forth in the Information and Statement of Facts will, subject to the breach provisions in Paragraph 19-22, be deferred for the Term. Absent a Breach, when the Term has expired, the USAO will move the Court to dismiss the Information with prejudice.

**IX.  BREACH OF THE AGREEMENT**

19. Defendant Baaklini agrees that if, during the Term, (a) the government determines that any material fact included in the Statement of Facts is false; (b) Baaklini knowingly and deliberately provides in connection with this DPA materially false or misleading

information; (c) Baaklini knowingly fails to fulfill the obligations set forth in Paragraphs 3, 4, 9, 10, 11, and 24 of this DPA; or (d) Baaklini otherwise fails specifically to perform or to fulfill completely any of defendant Baaklini's obligations under this DPA, the USAO may, in its discretion, subject to the procedural requirements of Paragraph 20 below, seek from the Court a finding that defendant has knowingly breached a provision of this DPA. Counsel for defendant Baaklini will be provided notice of any motion to the Court seeking a finding of breach and have an opportunity to respond to such a motion.  Upon such a finding by the Court, defendant Baaklini shall thereafter be subject to prosecution for any federal criminal violation of which the USAO has knowledge, including, but not limited to, the charges in the Information described in Paragraph 3.

20.  In the event the USAO determines that defendant Baaklini has knowingly breached a provision of this DPA deemed material by the USAO, the USAO agrees to provide defendant Baaklini with written notice of the conduct constituting such breach through counsel reflected in this agreement.  Within thirty days of receipt of such notice, defendant Baaklini shall have the opportunity to respond to the USAO in writing to explain the nature and circumstances of the conduct underlying the alleged breach, as well as the actions defendant Baaklini has taken to address and remediate the situation, which explanation the USAO shall consider in determining whether to seek from the Court a finding that defendant Baaklini has breached this DPA.  A final determination that a material breach has occurred may be made only upon a finding by the Court, based on a preponderance of evidence, that defendant Baaklini knowingly

breached a provision of the DPA deemed material by the USAO, after notice to defendant Baaklini and his counsel and an opportunity to be heard by the Court.

21.  In the event that the Court determines that defendant Baaklini has breached this DPA and the USAO determines to pursue prosecution of defendant Baaklini for the charges in the Information, then: (a) all statements made by or on behalf of defendant Baaklini to the USAO or to the Court, including the Statement of Facts and during defendant Baaklini's interview(s), and any evidence derived from such statements, shall be admissible against defendant Baaklini in any criminal prosecution brought by the United States against defendant Baaklini; (b) defendant Baaklini waives, gives up, and shall not assert any claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that any statements made by or on behalf of defendant Baaklini prior or subsequent to this DPA, including the Statement of Facts or statements made during defendant Baaklini's interview(s), or any evidence derived therefrom, should be suppressed or is inadmissible, in a prosecution by the United States against defendant Baaklini; (c) defendant Baaklini agrees that any applicable statute of limitations for the charges in the Information is tolled between the date of his signing of this DPA and the date 60 days after the Court's finding that defendant Baaklini has breached this agreement; and (d) defendant Baaklini remains bound by all other waivers expressly made as part of this agreement.

22.  Defendant Baaklini acknowledges that the USAO has made no representations, assurances, or promises concerning what sentence

may be imposed by the Court if defendant Baaklini breaches this DPA, the USAO follows through with prosecution, and this matter proceeds to judgment.  Defendant Baaklini further acknowledges that any such sentence is solely within the discretion of the Court and that nothing in this DPA binds or restricts the Court in the exercise of such discretion.

**X.    PUBLIC FILINGS AND STATEMENTS**

23.  Defendant Baaklini and the USAO agree that the Information and DPA (and its exhibits) shall be publicly filed in the United States District Court for the Central District of California before the expiration of the Term.  At least 10 court days prior to the USAO filing the Information and DPA or a press release related to the Information and DPA, the USAO will provide counsel reflected in this agreement notice of its intent to file the Information and DPA or press release.

24.  Defendant Baaklini expressly agrees that he shall not, either himself or through present or future attorneys, agents, or any other person authorized to speak for defendant Baaklini, make any public statement, in litigation or otherwise, contradicting the facts set forth in the Statement of Facts.  Any material contradictory statement by defendant Baaklini, or directed or knowingly caused by him, regarding a fact in the Statement of Facts shall, subject to cure rights of defendant Baaklini described below, constitute a Breach of this DPA, and the USAO may thereafter seek a finding from the Court of Breach.  If the Court finds a knowing Breach, the USAO may then seek prosecution as set forth in Paragraphs 18-21 of this DPA.  The decision whether any public statement by defendant Baaklini's counsel, agent, or other person

authorized to act on his behalf, materially contradicting a fact
contained in the Statement of Facts will be imputed to defendant
Baaklini for the purpose of determining whether he has breached this
DPA shall be subject to a finding by the Court, based on a
preponderance of the evidence, after notice to defendant Baaklini
and his counsel and opportunity for a hearing on the alleged breach.
Defendant Baaklini may avoid a Breach of this DPA by publicly
repudiating such statement(s) within five business days after the
Court's finding.  Defendant Baaklini shall be permitted to raise
defenses and to assert affirmative claims in other proceedings
relating to the matters set forth in the Statement of Facts provided
that such defenses and claims do not materially contradict, in whole
or in part, a statement contained in the Statement of Facts or made
during defendant's interview(s).

**XI.  MISCELLANEOUS PROVISIONS**

25.  Any notice or report to the USAO under this DPA shall be
provided (1) via email to mack.jenkins@usdoj.gov and
aron.ketchel@usdoj.gov and by personal delivery, overnight delivery
by a recognized delivery service, or registered or certified mail,
addressed to:

> Mack E. Jenkins or
> Chief, Public Corruption and Civil Rights Section
> United States Attorney's Office, Central District of California
> 312 N. Spring Street, 15th Floor
> Los Angeles, CA 90012

Notice shall be effective upon actual receipt by the USAO.

26.  This DPA may be executed in one or more counterparts, each
of which shall be considered effective as an original signature.

13

Further, all digital images of signatures shall be treated as originals for all purposes.

27.   This DPA is covered by the laws of the United States.  The USAO and defendant Baaklini agree that exclusive jurisdiction and venue for any dispute arising under this DPA is in the United States District Court for the Central District of California.

///

///

///

28.   This DPA sets forth all the terms of the agreement between defendant Baaklini and the USAO.  Defendant Baaklini understands and agrees that, except as set forth in this DPA and its exhibits, there are no promises, understandings, or agreements between the USAO and defendant Baaklini or his attorneys and that no amendments, modifications or additions to this DPA or its exhibits shall be valid unless they are in writing and signed by the USAO, an attorney for defendant Baaklini, and defendant Baaklini.

**AGREED AND ACCEPTED**

Dated: 3/1/2021                    Respectfully submitted,

                                   TRACY L. WILKISON
                                   Acting United States Attorney

                                   BRANDON D. FOX
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                   _____
                                   MACK E. JENKINS
                                   ARON KETCHEL
                                   Assistant United States Attorneys

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA


_____    3/1/21
TOUFIC JOSEPH BAAKLINI             Date
Defendant

_____    3/1/21
JAMES M. TRUSTY                    Date
Ifrah Law
Counsel for TOUFIC JOSEPH
BAAKLINI

1

## Acknowledgment by Toufic Joseph Baaklini

2      I have read this DPA and its exhibits in their entirety.  I

3 have had enough time to review and consider this DPA and its

4 exhibits and I have carefully and thoroughly discussed every part of

5 it with my attorneys.  I understand the terms of this DPA, and I

6 voluntarily agree to those terms.  I have discussed the evidence

7 with my attorney, and my attorney has advised me of my rights, of

8 possible criminal charges that might be filed, of possible defenses

9 that might be asserted either prior to or at trial, and of the

10 consequences of entering into this DPA.  No promises, inducements,

11 or representations of any kind have been made to me other than those

12 contained in the DPA and its exhibits.  No one has threatened or

13 forced me in any way to enter into the DPA.  I am satisfied with the

14 representation of my attorneys in this matter, and I am entering

15 into the DPA because I wish to take advantage of the promises and

16 representations set forth in this DPA and its exhibits, and not for

17 any other reason.

18

19 _____     3/1/21
                           _____

20 TOUFIC JOSEPH BAAKLINI          Date
Defendant

21

22

23

24

25

26

27

28

16

### Acknowledgment by Counsel

I am Toufic Joseph Baaklini's attorney.  I have carefully and thoroughly discussed every part of this DPA with my client. Further, I have fully advised my client of his rights, of possible criminal charges that might be filed, of possible defenses that might be asserted either prior to or at trial, and of the consequences of entering into this DPA.  To my knowledge (1) no promises, inducements, or representations of any kind have been made to my client other than those contained in this DPA and its exhibits; (2) no one has threatened or forced my client in any way to enter into the DPA and the Settlement Agreement; and (3) my client's decision to enter into the DPA is an informed and voluntary one.

_____        _____
JAMES M. TRUSTY                  Date   3/1/21
Ifrah Law
Counsel for TOUFIC JOSEPH
BAAKLINI

17

Statement of Facts

Between in or around January 2016 and February 2016, TOUFIC BAAKLINI ("BAAKLINI") conspired with Gilbert Chagoury ("Chagoury"), a second individual ("Individual G"), a third individual ("Individual H"), and others to violate United States laws by (i) making federal election campaign contributions exceeding $25,000 in a single year as a foreign national, in violation of 52 U.S.C. §§ 30109(d)(1)(A), 30121(a)(1)(A); and (ii) making federal election campaign contributions in the name of another (conduit contributions), in violation of 52 U.S.C. §§ 30109(d)(1)(A), 30122.

At all times relevant to this factual statement, BAAKLINI knew that Chagoury, a Nigerian-born, billionaire businessperson of Lebanese descent, was a "foreign national" within the meaning of 52 U.S.C. § 30121(b) and was therefore prohibited from making donations and contributions directly or indirectly in support of any candidate for elective office in the United States.

In January 2016, Chagoury arranged for $30,000 of his money to be contributed through other individuals to the re-election campaign of a U.S. Representative ("Federal Candidate D"). Chagoury arranged for Individual G to provide $50,000 in cash to BAAKLINI, which BAAKLINI understood a portion of which would be used to fund conduit campaign donations to U.S. candidates for elective office.  BAAKLINI then provided $30,000 in cash to Individual H in order to contribute the money to Federal

Candidate D's campaign.  BAAKLINI provided the $30,000 in cash from CHAGOURY to Individual H at a restaurant in Los Angeles, California in January 2016 and expected Individual H to identify multiple individuals who could contribute the funds to the campaign of Federal Candidate D.  After receiving the cash from BAAKLINI, Individual H hosted a fundraiser for Federal Candidate D.  During the fundraiser, Individual H, as well as other individuals Individual H recruited and reimbursed using Chagoury's cash, made campaign contributions to Federal Candidate D's campaign fund in February 2016 totaling $30,200.

During the course of events described above, BAAKLINI knew that it was illegal both for Chagoury to contribute to candidates for elective office in the U.S. and to make contributions in the name of other individuals.

In approximately late February 2016, BAAKLINI saw Federal Candidate D in Washington, D.C.  Federal Candidate D approached BAAKLINI and asked BAAKLINI something to the effect of, "Do you think anything was wrong with the [Individual H-hosted] fundraiser?"  BAAKLINI replied by falsely stating "no" and then asked "why?".  Federal Candidate D further explained the source of his concern was, something to the effect of, "because it all came from the same family."

Following this exchange in late February 2016, BAAKLINI has not communicated in any form with Federal Candidate D or anyone

Statement of Facts

acting on Federal Candidate D's behalf regarding any aspect of

the February 2016 Individual H-hosted fundraiser for Federal

Candidate D.

EXHIBIT A

1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No.

11            Plaintiff,                I N F O R M A T I O N

12            v.                        [52 U.S.C. §§ 30121(a)(1)(A),
                                        30109(d)(1)(A): Campaign
13   TOUFIC JOSEPH BAAKLINI,            Contribution by Foreign National;
                                        52 U.S.C. §§ 30122,
14            Defendant.                30109(d)(1)(D): Conduit Campaign
                                        Contribution]
15

16       The Acting United States Attorney charges:

17                             COUNT ONE

18       [52 U.S.C. §§ 30121(a)(1)(A), 30109(d)(1)(A); 18 U.S.C. § 2]

19       From in or around January 2016 to in or around February 2016, in

20   Los Angeles County, within the Central District of California, and

21   elsewhere, defendant TOUFIC JOSEPH BAAKLINI, while aiding and

22   abetting those known and unknown to the Acting United States

23   Attorney, including co-conspirator Gilbert Ramez Chagoury, a foreign

24   national, knowingly and willfully violated the Federal Election

25   Campaign Act by assisting Chagoury's federal election campaign

26   contributions exceeding $25,000 to Federal Campaign D's campaign in

27   2016.

28

COUNT TWO

[52 U.S.C. §§ 30122, 30109(d)(1)(D); 18 U.S.C. § 2]

On or about the following dates, in Los Angeles County, within the Central District of California, and elsewhere, defendant TOUFIC JOSEPH BAAKLINI, while aiding and abetting those known and unknown to the Acting United States Attorney, knowingly and willfully violated the Federal Election Campaign Act by assisting co-conspirator Gilbert Ramez Chagoury's following federal election campaign contributions in the name of another exceeding $25,000 in a single calendar year. More specifically, defendant BAAKLINI knowingly and willfully aided Chagoury to contribute to Federal Candidate D Fund's campaign by providing Chagoury's funds to Individual A who, in turn, provided Chagoury's funds to individuals who made the following contributions to federal campaign committees, which were fully reimbursed with Chagoury's funds:

///

///

///

| Date | Campaign | Conduit Contributor | Amount |
|------|----------|---------------------|--------|
| 3/12/16 | Federal Candidate D Fund | EA | $5,400 |
| 3/12/16 | Federal Candidate D Fund | MA | $4,600 |
| 3/12/16 | Federal Candidate D Fund | JA | $5,400 |
| 3/12/16 | Federal Candidate D Fund | AA | $5,400 |
| 3/12/16 | Federal Candidate D Fund | AA | $2,600 |
| 3/12/16 | Federal Candidate D Fund | BA | $2,600 |
| 3/12/16 | Federal Candidate D Fund | TA | $1,600 |
| 3/12/16 | Federal Candidate D Fund | CF | $2,600 |

TRACY L. WILKISON
Acting United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and Civil
Rights Section

ARON KETCHEL
Assistant United States Attorney
Public Corruption and Civil Rights
Section

3